IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOREN WILLIS, <br><br> Plaintiff, <br><br> v. <br><br> NORTHERN ILLINOIS GAS COMPANY (NICOR GAS), OMAR CRUZ, and AARON MILLER, <br><br> Defendants. | Case No. 17-cv-08657 <br><br> Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Loren Willis worked as a meter reader for Nicor Gas until he was fired in December 2016. Believing he was the victim of unlawful discrimination, Plaintiff sued Nicor in November 2017. Yet over three years later, this case has not progressed past the early stages of discovery. At issue in this ruling is whether that delay is attributable to Plaintiff and, if so, whether the dismissal of Plaintiff's case is warranted as a sanction.

Defendants have filed a motion to dismiss based on Plaintiff's alleged failure to prosecute and noncompliance with discovery orders. (Dkt. 124.) Although the Court is mindful of the severity of the remedy requested by Defendants, Plaintiff's repeated disregard for this Court's orders leave it with no reasonable choice but to grant Defendants' motion. Despite repeated warnings about the importance of deadlines, Plaintiff missed the deadline for serving initial disclosures and discovery responses on five separate occasions. As a result, this three-year-old case has been unnecessarily delayed. Because *pro se* and represented parties are equally subject to

mandatory deadlines, Plaintiff's repeated violations of scheduling orders compels the Court to hold that a dismissal with prejudice is necessary.

## I. BACKGROUND

Defendant Nicor Gas employed Plaintiff as a gas-meter reader but fired him on December 21, 2016. (Dkt. 17 at 7; Dkt. 64 ¶ 12.) On November 30, 2020, Plaintiff sued Defendants and asserted that he was terminated due to his race and in retaliation for complaints he had made regarding the company's drug testing policy. Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964 (Count I), as well as Defamation (Count II) (Dkt. 64 at 5-6.)

Even though more than three years have passed, however, the case is still early in the discovery stage. After Plaintiff effected service of process, the first half of 2018 was spent addressing Defendants' motion to dismiss. (*See* Dkts. 1, 40, 48, 49.) The latter half of that year was devoted to settlement negotiations that failed. (Dkt. 56.) After a false start of discovery in early 2019, more settlement negotiations ate up the remainder of that year. (*See* Dkt. 98.) When discovery finally began in earnest in early 2020, it failed to advance beyond the most preliminary stages (initial disclosures and written discovery) because of Plaintiff's repeated lack of compliance with both the Federal Rules of Civil Procedure and the Court's discovery orders.

Plaintiff's first violation occurred in the first step of discovery: the mandatory Rule 26 disclosures, which Plaintiff failed to serve by the Court's initial May 31, 2019 deadline. (Dkt. 79.) Owing to Plaintiff's *pro se* status, the Court (by the previously-assigned judge) imposed no sanction for Plaintiff's noncompliance and instead appointed counsel to represent Plaintiff. (Dkt. 79.) The Court did so even though

2

Plaintiff: (1) had previously assured the Court he did not want recruited counsel (before then changing course and requesting counsel); and (2) requested appointment of counsel without using the correct forms, which the Court had handed to Plaintiff in court. (*Id.*)

In November 2019, Plaintiff's recruited counsel withdrew due to Plaintiff's and counsel's "diverse and irreconcilable" "philosophies and approaches" to the litigation. (Dkt. 100 at 1; Dkt. 103.) The Court then held two consecutive status hearings that required Plaintiff's attendance, but Plaintiff missed both. (Dkt. 103, 104.) At that point, the Court issued its first warning to Plaintiff that failure to cooperate in discovery or appear at court hearings could result in the dismissal of his case. (Dkt. 104.) The Court also instructed Plaintiff to meet and confer with Defendants' counsel regarding a proposed discovery schedule. (*Id.*)

On January 14, 2020, Defendants filed a Rule 26(f) report. (Dkt. 106.) Defendants reported that they made repeated attempts to confer with Plaintiff regarding a discovery schedule, but Plaintiff refused to confer until his efforts to retain counsel were successful. (*Id.* at 1.) Two days later, the Court set February 21, 2020 as the new deadline for Plaintiff to serve his Rule 26 disclosures. (Dkt. 107.)

For the second time, Plaintiff missed the Court-imposed deadline for serving Rule 26 disclosures. On March 4, 2020, the Court,[1] over Defendants' objection, granted Plaintiff's tardy motion to extend that deadline. (Dkt. 111.) The Court

---

[1] This case was reassigned to the undersigned judge on February 28, 2020 (*see* Dkt. 109), after the case was referred to Magistrate Judge Gilbert for discovery supervision on May 22, 2019 (Dkt. 70).

3

allowed Plaintiff until March 18, 2020 to serve his disclosures and respond to Defendants' discovery requests, which by then had been outstanding for ten months. (*Id.*) In making that ruling, the Court noted that Plaintiff was endeavoring to retain counsel but admonished him that the Court was "serious about these deadlines in this 2017 case and is not inclined to change them even if [Plaintiff] retains counsel." (*Id.*)

Plaintiff did not meet the new deadlines. On April 30, 2020, the Court ordered the parties to confer and to file a joint status report by May 18, 2020. (Dkt. 117). On that date, Defendants filed a status report explaining that Plaintiff had not served his discovery. (Dkt. 118.) Defendants proposed new deadlines to allow for the practical scheduling challenges of the ongoing coronavirus pandemic. (*Id.*) Two days later, the Court set June 3, 2020 as the new deadline for Plaintiff to serve Rule 26 disclosures and to respond to Defendants' outstanding discovery. (Dkts. 119, 121.)

As before, however, Plaintiff failed to meet the June 3 deadline—the fourth new deadline for serving Rule 26 disclosures. (Dkt. 123.) On June 10, 2020, the parties filed a joint status report. (Dkt. 122.) The report noted that, on "June 9, 2020 [one day before the due date for the status report], Plaintiff contacted counsel for Defendants to confer regarding the preparation of this Joint Status Report and the status of discovery." (*Id.* at 2.) Plaintiff requested "an additional 30 to 60 day extension of time to serve written discovery requests, his Rule 26(a)(1) initial disclosures, and responses to Defendants' written discovery requests." (*Id.*) In other words, Plaintiff requested another extension of the already-passed June 3 deadline. (*Id.* at 2-3.)

4

On June 12, 2020, the Court (by Magistrate Judge Gilbert) held that Plaintiff "failed to show good cause why" the discovery deadlines "should be extended yet again" and he therefore had "forfeited his right to serve written discovery in this case." (Dkt. 123.) Despite that holding, the Court allowed Plaintiff until June 22, 2020 to serve his Rule 26 disclosures and responses to Defendants' outstanding requests. (*Id.*) In granting this largesse, the Court issued its final, capitalized-letter warning to Plaintiff: "THIS IS THE FINAL EXTENSION OF TIME PLAINTIFF MR. WILLIS WILL RECEIVE FOR SERVING HIS RULE 26 DISCLOSURES AND HIS RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS." (*Id.*) In addition, the Court specifically noted that, if Plaintiff failed to meet the new deadline, Defendants "should" file a motion before the assigned district judge requesting dismissal of the case. (*Id.*)

For the fifth time, Plaintiff missed the deadline. Eight days after the deadline, Plaintiff served his responses to Defendants' interrogatories, but he still failed to provide Rule 26 disclosures or responses to Defendants' document requests. (Dkt. 124 at 5-6.)

On July 1, 2020, Defendants filed a "Motion to Dismiss for Failure to Comply with Discovery and Want of Prosecution." (Dkt. 124.) Five days later, Plaintiff served his missing discovery responses and Rule 26 disclosures. (Dkt. 132 Ex. C, D.) The Court ordered Plaintiff to respond to the motion by July 31, 2020. (Dkt. 126.) On July 31, 2020, Plaintiff sent a document to the Court's proposed order inbox that appeared to be a response to Defendants' motion. (*See* Dkt. 130, 132.) Although that document was not filed initially on the docket, the Court (Dkt. 130) construed Plaintiff's

5

submission as a response to Defendants' motion and directed entry of the response on the docket. (*See* Dkt. 132.) Defendants' motion to dismiss, being fully briefed, is now before the Court for resolution.

## II. ANALYSIS

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" that "may include . . . (v) dismissing the action or proceeding in whole or in part."[2] Sanctions under Rule 37(b)(2) are appropriate "when a district court finds that a party failed to comply with a discovery order because of willfulness, bad faith, or fault." *Moore v. Taylor*, 30 F. App'x 632, 633

---

[2] The Court finds that dismissal is appropriate for failure to comply with discovery orders under Rule 37, but it would also be appropriate under Rule 41(b), which provides that courts may dismiss an action when the plaintiff "fails to prosecute or to comply with these rules." Fed. R. Civ. P. 41(b). Plaintiff has both failed to prosecute this action or to comply with the Federal Rules of Civil Procedure by neglecting to move discovery forward or serve discovery responses on time. Moreover, the Court issued the "final warning" that is required before dismissing an action for failure to prosecute. *See Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) ("There is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed"); *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). On June 2, 2020, the Magistrate Judge instructed: "THIS IS THE FINAL EXTENSION OF TIME PLAINTIFF MR. WILLIS WILL RECEIVE FOR SERVING HIS RULE 26 DISCLOSURES AND HIS RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS. If Mr. Willis does not comply with this order, then Defendants should file a motion before the District Judge requesting the relief outlined in paragraph 16 of the Joint Status Report 122 as that relief is beyond the scope of the referral to this Magistrate Judge." (Dkt. 123.) Paragraph 16 of the status report stated that Defendants wished to ask "the Court [to] enter an Order dismissing Plaintiff's complaint in its entirety for want of prosecution." (Dkt. 122 ¶ 16.) Plaintiff missed the deadline to serve initial disclosures twice more after the Court issued the final warning; thus, dismissal for failure to prosecute is proper. *Cf. Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006) (" . . . [Defendant's] request, communicated in a motion served on [plaintiff], that the judge dismiss the case if she continued to ignore discovery deadlines— deserves particular emphasis. The purpose of requiring a warning is not to entrap district judges but to make sure that the plaintiff is warned. The warning need not . . . always come from the judge").

6

(7th Cir. 2002) (nonprecedential disposition) (citing *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997)); *see also Maynard v. Nygren,* 332 F.3d 462, 467-68 (7th Cir. 2003). Whether to dismiss an action for failure to comply with discovery orders lies within the sound discretion of the district court. *See Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732 (7th Cir. 2013). Dismissal, however, is a "harsh sanction" that should only be used on a limited basis. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). Dismissal with prejudice, moreover, is only appropriate if the plaintiff's misconduct is "serious or repeated." *Johnson*, 718 F.3d at 733; *see also Gabriel v. Hamlin,* 514 F.3d 734, 736 (7th Cir. 2008) (dismissal appropriate if there is a "clear record of delay"). Ultimately, the sanction of dismissal with prejudice must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

With regret, the Court is compelled to find that dismissal with prejudice is proportionate to the circumstances of this case and is the only appropriate sanction for Plaintiff's repeated contumacies. As demonstrated above, Plaintiff disregarded this Court's orders and missed binding deadlines time and again. The Court repeatedly accommodated Plaintiff's *pro se* status by extending deadlines (despite the lack of any timely motions to extend) and warning Plaintiff about the consequences of failing to adhere to court orders. *Cf. Ladien*, 128 F.3d at 1057 (dismissal appropriate where court "repeatedly cautioned" party regarding the need to comply with court orders); *Watkins v. Nielsen*, 405 F. App'x 42, 44-46 (7th Cir. 2010) (nonprecedential disposition) (similar). There can be no question Plaintiff received these warnings, as some of them were delivered during court hearings that Plaintiff

7

attended. (*E.g.*, Dkt. 79; Dkt. 107.)[3] The Court also recruited counsel for Plaintiff, referred Plaintiff to the *pro se* help desk, and provided guidance and form documents to Plaintiff in court. Yet Plaintiff steadfastly refused to take the Court's orders seriously. Plaintiff had no fewer than five opportunities (and a year and a half) to serve timely Rule 26 disclosures and responses to Defendants' written discovery requests, but he failed to do so. He also missed two required hearings and defied Court orders instructing him to confer with Defendants regarding discovery. (Dkt. 104; Dkt. 106.) In the light of this record, the Court finds that Plaintiff's conduct was not only negligent, but willful. *Cf. Alston v. Deutsch Borse, AG*, 80 F. App'x 517, 519 (7th Cir. 2003) (nonprecedential disposition) (record supports finding of willfulness where party repeatedly violates discovery orders); *Moore*, 30 F. App'x at 633-34 (district court's finding that party was "at least uncooperative, if not defiant" was sufficient to conclude the party "acted willfully and in bad faith by refusing to comply with the court's discovery orders").

As for the appropriateness of dismissal with prejudice as a sanction (instead of something less severe), Plaintiff's *in forma pauperis* status strongly suggests that a "financial sanction as an alternative to dismissal [i]s unlikely to be effective." *Dupree v. Hardy*, 859 F.3d 458, 463 (7th Cir. 2020). This practical consideration is of particular relevance to Defendants, for Plaintiff's repeated and willful conduct makes

---

[3] Some of the Court's warnings (Dkt. 104; Dkt. 123) were delivered in written orders that were mailed to Plaintiff's provided address, and the Court is entitled to presume Plaintiff received them. *See Datronic Rental Corp. v. Problem Account Specialists, Inc.*, No. 92 C 1675, 1993 WL 462850, at *1 (N.D. Ill. Nov. 9, 1993) (*pro se* party has "the responsibility to keep the court apprised of its proper address").

it evident that no sanction short of dismissal with prejudice will put these repeated delays to rest and allow Defendants to complete the discovery process in a "just, speedy, and inexpensive" manner. *See* Fed. R. Civ. P. 1. Indeed, due concern for a Defendants' interests was emphasized by the Seventh Circuit earlier this year in a case where the plaintiff was responsible for repeated delays. *See Cartwright v. Silver Cross Hosp.*, 962 F.3d 933 (7th Cir. 2020). In affirming the district court's dismissal with prejudice as a sanction for want of prosecution, the Court of Appeals explained that the district judge had "ample grounds to dismiss the case much earlier in the litigation" and that, had the judge "granted the first dismissal motion, the defendants would have been spared the time and expense of defending against a plaintiff so obviously unwilling to prosecute his own case." *Id.* at 936. That reasoning applies equally here.

To be sure, Plaintiff has now served some form of Rule 26 disclosures and responses to Defendants' other discovery requests (Dkt. 132 Ex. C, D); but it is too little, too late. Plaintiff concedes that he did not begin to work on the responses until after he had missed the initial disclosure deadline three times. (Dkt. 132 at 14.) Even then, Plaintiff missed the fifth deadline to serve these disclosures. (*Id.*) This record thus leaves little doubt that Plaintiff's failure to adhere to the Court's orders is "serious [and] repeated." *Johnson*, 718 F.3d at 733. By the same token, there also exists a "clear record of delay." *Gabriel*, 514 F.3d at 736.

In response, Plaintiff says yet again that he needed more time to recruit counsel (Dkt. 132 at 10.) This not the first time Plaintiff has cited his search for counsel as justification for missing deadlines. (*E.g.* Dkt. 111 (entered March 5, 2020)

9

("Plaintiff Mr. Willis reports he is in the process of trying to hire a lawyer. But he has said that before").) Plaintiff's *pro se* status must be acknowledged, and the Court understands that Plaintiff has undertaken efforts to retain counsel. But those efforts do not justify Plaintiff's repeated defiance of this Court's orders and propensity to miss deadlines. *Pro se* litigants "benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant," but they "are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (internal citations omitted); *see also Raven v. Madison Area Tech. Coll.*, 443 F. App'x 210, 212 (7th Cir. 2011) (nonprecedential disposition) ("[a]lthough we liberally construe pro se filings . . . we do not enlarge filing deadlines for them") (internal citations omitted); *3SM Realty & Dev., Inc. v. F.D.I.C.*, 443 F. App'x 181, 183 (7th Cir. 2010) (nonprecedential disposition) (party's "status as a pro se litigant does not excuse his failure to meet the mandatory deadline").

Even so, the Court was lenient with Plaintiff throughout this case. Before discovery began, Plaintiff informed the Court that he had retained counsel and requested a continuance, which the Court granted to allow that counsel time to appear. (Dkt. 58.) When retained counsel never appeared, the Court provided Plaintiff guidance on how to proceed *pro se*. (Dkt. 65.) When that did not work out either, the Court recruited counsel for Plaintiff. That relationship, however, deteriorated and ultimately fell apart. (Dkt. 82.) In short, at every stage, the Court offered guidance and instructed Plaintiff to make use of the Court's *pro se* help desk. (*See* Dkts. 7, 55, 57, 65, 68, 70.)

This leniency was unrequited. Plaintiff has never filed a timely motion to extend any deadline to allow him to retain new counsel. And Plaintiff has not requested new recruited counsel since his previous recruited counsel withdrew. That he has now finally served disclosures and discovery responses only justifies a finding that Plaintiff certainly could have complied with his discovery obligations sooner, and while simultaneously attempting to engage counsel. In view of the record he created, Plaintiff cannot excuse multiple missed deadlines based solely on his *pro se* status. *See Phipps*, 39 F.3d at 163; *Raven*, 443 F. App'x at 212; *3SM Realty*, 443 F. App'x at 183.

### III.    CONCLUSION

Defendants are entitled to the timely resolution of the claims against them. Plaintiff has repeatedly and willfully failed to adhere to the Court's discovery deadlines. Because this has created "a clear record of delay," *Gabriel*, 514 F.3d at 736, resulting from Plaintiff's "serious [and] repeated" misconduct, *Johnson*, 718 F.3d at 733, dismissal with prejudice is appropriate. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1).

SO ORDERED.

Date: December 22, 2020

_____
JOHN F. KNESS
United States District Judge

11